UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Case No. 02-388 (ESH) |
| ) | |
| SALVATORE MANCUSO-GOMEZ ) | |
| a.k.a. "El Mono," ) | |
| a.k.a. "Santander Lozada, ) | |
| ) | |
| JUAN CARLOS SIERRA-RAMIREZ, ) | |
| a.k.a. "El Tuso," ) | |
| a.k.a. "El Primo," ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION
AND PROPOSED ORDER**

The United States respectfully moves this court to order the pretrial detention of defendants SALVATORE MANCUSO-GOMEZ ("MANCUSO-GOMEZ") and JUAN CARLOS SIERRA-RAMIREZ ("SIERRA-RAMIREZ"), pursuant to 18 U.S.C. § 3142(e). As set forth herein, there is a statutory presumption in favor of detention because the defendants are charged with narcotics violations which carry a maximum penalty of at least ten years of imprisonments. MANCUSO-GOMEZ is charged with a conspiracy to import five kilograms or more of cocaine into the United States, and to manufacture and distribute five kilograms or more of cocaine with the knowledge and intent that the cocaine would be imported into the United States, in violation of Title 21, United States Code, Sections 952, 959, 960, and 963. SIERRA-RAMIREZ is charged with 1) a conspiracy to import five kilograms or more of cocaine into the

United States, and to manufacture and distribute five kilograms or more of cocaine with the knowledge and intent that the cocaine would be imported into the United States, in violation of Title 21, United States Code, Sections 952, 959, 960, and 963; 2) a conspiracy to possess with the intent to distribute five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 1903(a) and (j); and 3) a substantive violation of Title 46, United States Code, Section 1903(a). Moreover, the government believes the defendants have no ties to the United States; other than their situation as extradited defendants, the defendants have no legal status in the United States; the government believes the defendants have the ability to flee and would flee if released from custody; and the government beleives the defendants would pose a danger to the community unless they are detained.

## I.    Factual Background

According to the indictment, the *Autodefensas Unidas de Colombia*, or "AUC," was an armed paramilitary group operating in the Republic of Colombia during the period charged in the indictment.  The indictment alleges that from 1997 to the date of indictment, MANCUSO-GOMEZ and SIERRA-RAMIREZ were members of the AUC, which was a cocaine trafficking organization that sold cocaine to international drug traffickers in exchange for money, weapons and equipment for the AUC.  MANCUSO-GOMEZ and SIERRA-RAMIREZ, and their coconspirators, sold cocaine manufactured in laboratories in Northern Colombia and provided by the AUC to international drug traffickers,  who then transported the cocaine from Colombia to the United States and other countries.  The AUC has been designated as a "foreign terrorist

organization" by the United States Department of State.  The AUC engages in drug trafficking, kidnaping, bombings, extortion and murder.

MANCUSO-GOMEZ, as a member of the ruling counsel of the AUC, the *Estado Mayor*, was one of the most powerful members of the AUC leadership.  He used his position in the AUC to control large areas of cocaine production through a paramilitary army, and to direct the operations of the drug trafficking organization at every level, including production, distribution, and transportation of cocaine to Central America and the United States.  SIERRA-RAMIREZ organized large shipments of cocaine for the AUC that was intended for importation into Central America using freighters, speed boats, and other maritime vessels.

## II.     Legal Analysis

The federal bail statute authorizes a defendant's pretrial detention when no "condition or combination of conditions will reasonably assure the appearance of the person  . . .  and the safety of any other person and the community." 18 U.S.C. § 3142(e). The statute further provides that there is a rebuttable presumption that the defendant should be detained if there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act, 18 U.S.C. § 3142(e).

The existence of the indictment in this case establishes probable cause as a matter of law. See e.g., United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990). Moreover, the Government is permitted to proceed by proffer to establish other facts relevant to the bail decision.  United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).

Several other factors in the detention statute also support the Government's request for pretrial detention. First the nature and circumstances of the offense are compelling.  18 U.S.C. § 3142(g)(1).  Second, the weight of the evidence against the defendants is substantial consisting of seizures of cocaine, and cooperating and/or government witnesses.  18 U.S.C. § 3142(g)(2). Third, the fact that the defendants are Colombian citizens with no known ties to the United States argues in favor of his detention pending trial. 18 U.S.C. § 3142(g)(3)(A).

Numerous courts have ordered pretrial detention of foreign defendants without any contacts to the United States.  E.g., United States v. Vargas, 804 F.2d 157 (1st Cir. 1986) (Chilean defendant in drug importation case who had no family ties to U.S. was properly detained when no conditions or combination of conditions would reasonably assure his appearance at trial); United States v. Geerts, 629 F.Supp. 830 (E.D. Pa. 1985) (defendant was citizen of Netherlands who faced possibility of approximately fifty years imprisonment on customs related charges and had no significant ties to United States; he thus presented a serious risk of flight which justified pretrial detention).

Finally, the defendants constitutes a clear and present danger to the community.  The federal courts have recognized that drug traffickers, particularly those in positions of authority, are likely to continue engaging in drug related activities if released on bail and thus, constitute a danger to the community.  Furthermore, the defendants were leading members of the AUC, an organization recognized by the United States as a terrorist organization.  See United States v. Knight, 636 F.Supp. 1462 (S.D. Fla. 1986).  Accord United States v. Creekmore, 1997 W.L. 732435 (D.D.C. 1997)(Facciola, J.).

4

**III.     Conclusion**

For all of the foregoing reasons, the Government respectfully requests that the motion to detain the defendants without a bond pending trial be granted.

Dated: May 21, 2008.

Respectfully submitted,

/s/_____
Glenn C. Alexander
Robert A. Spelke
Trial Attorneys
Narcotics and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 305-0524
glenn.alexander@usdoj.gov

5

CERTIFICATE OF SERVICE

    I hereby certify that a copy of this pleading was delivered to all parties by ECF this 21st day of May, 2008.

                                                 /s/
                                      GLENN C. ALEXANDER