UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED

OCT 1 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 02-388 |
| SALVATORE MANCUSO-GOMEZ, | : | (ESH) |
| A/K/A "EL MONO" | : | **(UNDER SEAL)** |
| A/K/A "SANTANDER LOZADA" | : | |
| DEFENDANT | : | |

PLEA AGREEMENT

1.   The Defendant, Salvatore Mancuso-Gomez, a/k/a "El Mono",

a/k/a "Santander Lozada" (Mancuso), knowingly and voluntarily

agrees with the United States, through the Narcotic and Dangerous

Drug Section of the Criminal Division of the United States

Department of Justice (NDDS), to plead guilty to Count One of the

Indictment filed in the above referenced case.  Count One of the

Indictment charges the Defendant with Conspiracy to both (1)

manufacture and distribute five (5) kilograms or more of cocaine,

a Schedule II controlled substance, intending and knowing that

the cocaine will be unlawfully imported into the Untied States

and (2) knowingly, intentionally and unlawfully import five (5)

kilograms or more of cocaine, a Schedule II controlled substance,

into the United States from the Republic of Colombia, a place

outside the United States, in violation of 21 U.S.C. §§ 960, 952,

959 and 18 U.S.C. § 2.

2.   The Defendant understands that the crime in Count One of

the Indictment to which Defendant is pleading guilty carries a

1

P/s

term of imprisonment of not less than ten (10) years nor more than life,[1] a fine not to exceed $4,000,000 and a period of supervised release of at least five (5) years

3   The Defendant understands that the Court cannot place Defendant on probation or suspend Defendant's sentence and Defendant is not eligible for parole.

4    The Defendant agrees to pay the Clerk of the United States District Court a special assessment of one hundred dollars ($100) per count of conviction

5    The Defendant agrees to the Statement of Facts signed by Defendant which is attached to this Plea Agreement and incorporated herein

6    The Defendant acknowledges Defendant's responsibility for the conduct charged in Count One of the Indictment and stipulates that the conduct charged in this count may be considered by the Probation Office and the Court in imposing sentence

7    The Defendant agrees that, pursuant to Section 2D1 1 of the United States Sentencing Guidelines ("Sentencing Guidelines"), for Count One of the indictment, the Defendant is accountable for more than 150 kilograms of cocaine, a Schedule II

---

[1] Although the Sentencing Guideline Range includes a period of incarceration up to life, the government is prohibited from seeking a life sentence  Prior to extradition of the defendant to the United States from Colombia, the United States government made assurances with the Colombian government that the United States would not seek the death penalty or life imprisonment if the defendant were convicted  This assurance is made for all defendants extradited from Colombia to the United States

controlled substance.  Accordingly, pursuant to Section
2D1.1(c)(1) of the Sentencing Guidelines, the base offense level
for the crime to which Defendant is pleading guilty is 38

8    The United States will recommend, and the Defendant
agrees, that the Defendant be given a four (4) level increase for
being an organizer or leader in the criminal activity pursuant to
Section 3B1 1(a) of the Sentencing Guidelines   The Defendant
also agrees that pursuant to Section 2D1 1, Application Notes,
paragraph 16, he shall receive a one(1)level increase which is
appropriate as the drug quantity is extraordinary (well above ten
(10) times the minimum required for a level 38)   Finally, the
defendant agrees that pursuant to Section 2D1 1(b)(1), he should
receive a two (2) level increase for possessing a firearm.  The
Defendant understands that these recommendations are not binding
on the Court

9    The Defendant understands that the Court is not bound by
the Sentencing Guidelines but must consult the Sentencing
Guidelines and take them into account when sentencing the
Defendant   *United States v Booker*, 543 U S  220 (2005)   The
Defendant understands that the sentence to be imposed is a matter
solely within the discretion of the Court and that the Court has
jurisdiction and authority to impose any sentence within the
statutory maximum set for the offense to which Defendant is
pleading guilty.  The Defendant understands that the Court has

3

not yet determined Defendant's sentence and that any estimate of the probable sentencing range that Defendant may have received is only a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court   The Defendant understands that the Court is not obligated to follow any recommendation at the time of Defendant's sentencing [2]

10    The United States makes no promise or representation concerning what sentence the Defendant will receive

11    The Defendant agrees that Defendant cannot withdraw Defendant's guilty plea based on Defendant's actual sentence

12    In calculating the Sentencing Guideline range, the Defendant agrees not to seek any adjustment to Defendant's offense level pursuant to Chapter Three of the Sentencing Guidelines other than to seek an adjustment for acceptance of responsibility under Section 3E1 1 of the Sentencing Guidelines

13    Prior to sentencing, in consideration for the Defendant's plea of guilty and contingent upon Defendant's complete and truthful testimony and Defendant's complete and truthful rendition of facts to the Probation Office for the preparation of the Defendant's Pre-sentence Investigation Report, the United States will recommend that Defendant be given a three (3) level credit for acceptance of responsibility under Section

---

[2] The parties to this agreement recognize that a twelve (12) level enhancement pursuant to Section 3A1 4 (Terrorism) may be applicable   The parties agree that this issue, if raised at all, will be determined by the Court at sentencing after the Probation Office has completed its Pre-sentence Investigation Report

3E1 1 of the Sentencing Guidelines   The Defendant understands that these guideline recommendations are not binding on the Court.

14   The Defendant agrees to cooperate with the United States on the following terms and conditions

(A)   Defendant shall cooperate truthfully, completely and forthrightly with the United States Department of Justice and with federal, state, local and all foreign law enforcement authorities and government entities in any matter as to which the United States Department of Justice deems Defendant's cooperation relevant including Defendant's own unlawful activities and the unlawful activities of others   The Defendant understands that if he falsely implicates an innocent person in the commission of a crime, or exaggerates the involvement of any person in the commission of a crime in order to appear cooperative, or if the defendant falsely minimizes the involvement of any person in the commission of a crime in order to protect that person, then the defendant will be in violation of this plea agreement

(B) The United States recognizes that the Defendant has been voluntarily participating in the Justice and Peace Act[3] with the Colombian government since 2004   Pursuant to 18 U S C § 3553(a), the United States agrees to bring to the Court's attention at the time of sentencing the Defendant's past and

---

[3] Law 975-05 Justicia y Paz

continued cooperation with the Colombian government in this
process as well as all other information that Defendant provides
to assist the Colombian government.  Although the government is
obligated to present this information at the time of sentencing,
only information that proves useful to investigations and
prosecutions on behalf of the United States government will be
considered for "substantial assistance" as more fully described
in paragraph 15, *infra*

(C)   Defendant shall promptly deliver to the United
States Department of Justice and the Colombian government all
evidence of crime, all contraband and proceeds of crime and all
assets traceable to such proceeds of crime

(D)   Defendant shall promptly submit to the United
States Department of Justice a full and complete accounting of
all of Defendant's assets, financial and otherwise, whether such
assets are in Defendant's name or in the name of a third party
The United States recognizes that assets that belong to the
Defendant have been forfeited to the Colombian government as
reparations under the Justice and Peace Act   The United States
agrees to bring to the Court's attention at the time of
sentencing the total assets the Defendant provided to the
Colombian government in reparations.

(E)   Defendant shall be interviewed by United States
and foreign law enforcement agents, United States and foreign

6

officials and/or attorneys representing the United States   The
Defendant has the right to have Defendant's counsel present
during these interviews   The Defendant agrees, nonetheless, that
any interviews/debriefings may be conducted without Defendant's
counsel present as long as Defendant's counsel is notified and
provided the opportunity to attend

    (F)  Defendant shall testify fully and truthfully
before any Grand Jury and at all trials or other court
proceedings in the United States, foreign proceedings at which
Defendant's testimony is deemed relevant by the United States
Department of Justice

    (G)  Defendant's cooperation with the United States is
a continuing obligation which will end after NDDS determines his
cooperation completed   The Defendant understands and agrees that
his cooperation may, therefore, continue after he is sentenced
Cooperation after sentencing may be recognized by the United
States filing a motion pursuant to Federal Rules of Criminal
Procedure 35(b)

    (H) The Defendant acknowledges that any refusal by the
Defendant to cooperate fully, truthfully, completely and
forthrightly as directed by NDDS and law enforcement authorities
identified by NDDS in any and all matter(s) in which the
Government deems the Defendant's assistance relevant will
constitute a breach of this agreement by the defendant, and will

relieve the Government of its obligations under this agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K 1  of the Sentencing Guidelines and/or 18 U S.C  § 3553(e)   The defendant agrees, however, that such breach by him will not constitute a basis for withdrawal of his plea of guilty or otherwise relieve him of his obligations under this agreement

15   The Defendant understands that the determination of "substantial assistance" pursuant to Section 5K1 1 of the Sentencing Guidelines, 18 U S.C. § 3553(e) and Federal Rule of Criminal Procedure 35(b) is within the sole discretion of the United States Department of Justice and will be based solely on information and other assistance provided that concerns potential defendants and offenses that may be prosecuted in the United States [4]  This determination is not reviewable by the Court  The Defendant understands that if the Government does not file a motion for downward departure the Court may not grant a downward departure, either under Section 5K1 1 of the Sentencing Guidelines or under 18 U S C  § 3553(e)   In any event, the Defendant specifically agrees not to seek a downward departure, without the Government's motion, based on any assistance provided

---

[4]  The parties understand that this provision ensures that the Defendant will not get a "double benefit" for information that he provides pursuant to this agreement  once for information provided to the  Colombian government pursuant to his obligations under the Justice and Peace Act and  for the same information again pursuant to this agreement  If, however, information benefits both the United States and Colombian authorities, the Defendant will be provided credit under this agreement

in the investigation(s) or prosecution(s) of another person(s) by
the United States government who has committed a federal, state,
foreign or local offense   The Defendant agrees and acknowledges
that the failure of NDDS to file a substantial assistance
departure motion shall not be grounds for him moving to withdraw
his plea of guilty in this case or otherwise relieve him of his
obligations under this agreement   If in its sole discretion, the
United States agrees to file a motion for departure with the
Court, the Government shall inform the Court of any and all
cooperation provided by the Defendant to the United States at the
time of his sentencing   Specifically, the United States agrees
to inform the Court of the United States' evaluation of the
truthfulness, completeness, reliability, and value of Defendant's
information, the significance, usefulness, nature, extent and
timeliness of Defendant's assistance, and any injury suffered or
any danger or risk of injury to the Defendant or Defendant's
family resulting from Defendant's assistance/cooperation

16   In the event that the defendant and/or his family are
threatened, the matter will be referred to the Drug Enforcement
Administration or other appropriate investigative authority to
conduct a threat assessment   Once the threat assessment has been
conducted, the investigatory agency will act appropriately   It is
in the sole discretion of the Department of Justice and the
investigatory agency to determine what course of action is

9

appropriate.

17  The Defendant agrees not to commit any criminal violation of local, state, federal or foreign law during the period of Defendant's cooperation with the United States pursuant to this Plea Agreement or at any time during Defendant's cooperation  The Defendant's commission of a criminal offense during such period of time will constitute a breach of this Plea Agreement and will relieve the Government of its obligations under this Agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1 1 of the Sentencing Guidelines and/or 18 U S C § 3553(e)  The Defendant's breach will not entitle Defendant to withdraw Defendant's guilty plea  The Defendant agrees that to establish a breach the United States need only prove Defendant's commission of a criminal offense by a preponderance of the evidence.

18  The Government and the Defendant agree that, despite the protections in Section 1B1 8 of the Sentencing Guidelines, the Government will be free to use against the Defendant for any purpose at the sentencing, or any proceeding, any self-incriminating information provided by the Defendant pursuant to this agreement or during the course of debriefings conducted in anticipation of this Agreement, regardless of whether those debriefings were covered by any Proffer Agreement and/or "off the record" agreement by the parties

10

19.   In the event that the Defendant is ever a witness at any trial or other judicial proceeding or presents evidence through other witnesses and Defendant's testimony or such evidence presented through others is different from, contradicts or in any manner is inconsistent with statements made or information supplied by Defendant pursuant to this Plea Agreement, the attorney for the United States may cross-examine Defendant and other witnesses concerning any statements made or information supplied by Defendant pursuant to this Plea Agreement    Evidence regarding such statements or information may also be introduced by the United States as rebuttal evidence

20    Nothing in this Plea Agreement shall be construed to prohibit the United States from using any statements, information, documents, or physical evidence obtained from Defendant pursuant to this Plea Agreement to prosecute Defendant for perjury, false statement, and/or obstruction of justice or any other offense committed by Defendant during or after Defendant's cooperation with the United States

21    If, at any time during Defendant's cooperation with the United States under this Plea Agreement, the United States determines that Defendant has provided any information or evidence that is not truthful or complete or if Defendant does not provide assistance or testimony upon request, the obligations of the United States under this Plea Agreement are terminated

11

In that event, the United States may prosecute Defendant on any and all criminal activity of the Defendant and the United States may, notwithstanding any other provision in this Plea Agreement, use against Defendant all information and evidence obtained from Defendant pursuant to this Plea Agreement or during the course of debriefings conducted prior to this Plea Agreement regardless of whether such debriefings were covered by a proffer agreement between the parties

22   If the Defendant fails in any way to fulfill completely all of Defendant's obligations under this Plea Agreement, the obligations of the United States under this Plea Agreement are terminated.  The Defendant agrees that Defendant cannot withdraw Defendant's guilty plea because of Defendant's breach of this Plea Agreement

23  The Defendant agrees that Defendant cannot withdraw Defendant's guilty plea entered pursuant to this Plea Agreement for any reason   Any motion to withdraw Defendant's guilty plea shall constitute a breach of this Plea Agreement and will relieve the United States of all of its obligations under this Plea Agreement

24   The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines and reserves its right of allocution in this case   The United States reserves the right to recommend a specific period of incarceration and fine up

*excluding a life sentence*

to the maximum sentence of incarceration and fine allowable by
law.  In accordance with this agreement, the United States
reserves its right to bring its version of the facts of this
case, including its file and any investigative reports, to the
attention of the Probation Office in connection with the
preparation of a Pre-sentence Investigation Report and to the
Court.  The United States also reserves the right to dispute
sentencing factors or facts material to sentencing and to use any
information or material, whether or not obtained from the
Defendant pursuant to this Plea Agreement, to correct any factual
errors asserted by the Probation Office or by the Defendant.

25. The United States Department of Justice recognizes that
the Defendant is specifically named by the United States
Department of the Treasury's Office of Foreign Assets Control on
its sanctions list pursuant to the Foreign Narcotics Kingpin
Designation Act (21 U.S.C. 1901-1908), which imposes economic
sanctions on the Defendant and prohibits United States
individuals and corporations from doing business with the
Defendant.  After the Defendant successfully completes his
cooperation and sentence, as determined by the United States, the
United States Department of Justice agrees to take no position on
a petition by the Defendant to the United States Department of
Treasury's Office of Foreign Assets Control to remove his name
from their sanctions list pursuant to the Foreign Narcotics

Kingpin Designation Act   The Defendant understands that the
ultimate determination to remove his name will be determined by
the United States Department of Treasury and not the parties to
this agreement

26.   The Defendant understands that his compliance with each
part of this Agreement extends throughout and beyond the period
of his sentence up until the time that NDDS determines his
cooperation complete, and failure to abide by any term of the
Agreement is a violation of the Agreement   The Defendant further
understands that in the event that he violates this Agreement,
the Government, at its option, may either move to vacate the Plea
Agreement, rendering it null and void, and thereafter prosecute
the Defendant not subject to any of the limit set forth in this
Agreement, or to re-sentence the Defendant   The Defendant
understands and agrees that in the event that this Plea Agreement
is breached by the defendant, and the government elects to void
the Agreement and prosecute the Defendant, any additional charges
that are not time-barred by the applicable statute of limitations
on the date of the signing of this Agreement may be commenced
against the Defendant in accordance with this paragraph,
notwithstanding the expiration of the statue of limitations
between the signing of this Agreement and the commencement of
such prosecutions

14

27    The Defendant understands that the Court is not a party to, and is not bound by, this Plea Agreement

28    This Plea Agreement binds only the Narcotic and Dangerous Drug Section of the Criminal Division of the United States Department of Justice    It does not bind any other federal, state, local or foreign authorities

29    The Defendant agrees that sentencing in this case, if requested by the United States, should be delayed until the Defendant's cooperation has been completed or an appropriate time in the cooperation, as determined by the United States, so that the Court will have the benefit of all relevant information before a sentence is imposed

30.    The Defendant agrees to be held without bond until sentencing and agrees not to oppose detention

31    The Defendant agrees that any information Defendant provides to the United States pursuant to this Plea Agreement shall not contain privileged material that the Defendant may have learned during meetings with co-defendants and their attorneys

32    The Defendant agrees to voluntarily forfeit to the United States and/or the Colombian government all property subject to forfeiture under 21 U S C  § 853    Specifically, the defendant agrees to forfeit to the United States or to the Government of Colombia his interest in any property in his possession or under his control that constitutes or is traceable

to proceeds of his narcotics trafficking   The defendant agrees
to enter into a consent order of forfeiture and to fully assist
the United States and Colombian governments in effectuating the
surrender of the forfeited assets   The defendant further agrees
to assist the United States and Colombian governments in
effectuating the surrender and forfeiture of all identified
assets to either the United States or the Government of Colombia
and to take whatever steps are necessary to ensure that clear
title thereto passes either to the United States or the
Government of Colombia   The defendant agrees not to file a claim
or assist others to file a claim to any of the forfeited assets
in any administrative or judicial proceeding   If any third
party, other than a *bona fide* innocent third party, files a claim
to a litigation in the United States or Colombia regarding the
properties which the defendant identified are forfeitable, the
defendant will assist the governments in defending the forfeiture
action   Assets forfeited pursuant to this agreement may be used
as reparations to Colombian victims of the AUC violence and
crimes, pursuant to the Defendant's obligations under the Justice
and Peace Act   The Defendant knowingly and voluntarily waives his
right to a jury trial on the forfeiture of such assets, and
waives all constitutional, legal and equitable defenses to the
forfeiture of such assets

16

33    The defendant represents to the Court that no threats
have been made against him and that he is pleading guilty freely
and voluntarily because he is in fact guilty, and represents to
the Court that he is fully satisfied with the legal advice,
guidance and representation he has received from his attorney

34    The United States recognizes that the Defendant was
incarcerated in Colombia between August 16, 2006 and May 14,
2008, as part of the Justice and Peace Act    The United States
has no objection to this time being credited to the Defendant's
sentence in this case and/or recommending to the Court that
credit be given to the Defendant beginning on August 16, 2006,
the date that the Defendant was incarcerated awaiting extradition
on these charges

35    The defendant is aware that Title 18, United States
Code, Section 3742 affords the defendant the right to appeal the
sentence imposed in this case    Acknowledging this, in exchange
for the undertakings made by the United States in this plea
agreement, the defendant hereby waives all rights conferred by
Title 18, United States Code, Section 3742 to appeal any sentence
imposed, including any restitution order, or to appeal the manner
in which the sentence was imposed, including any challenges to
the constitutionality of the Sentencing Guidelines, unless the
sentence exceeds the maximum permitted by statute or results from
an upward departure from the Guideline Range established by the

17

Court at sentencing   Additionally, the Defendant waives any right to have facts that determine his sentence under the Guidelines alleged in the indictment or found by the Court   The Defendant further agrees that the Court shall find at sentencing by a preponderance of the evidence any facts that determine his Guidelines Range   The Defendant further understands that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U S C  §3742(b)   However, if the United States appeals the Defendant's sentence pursuant to Section 3742(b), the Defendant shall be released from the above waiver of appellate rights   By signing this agreement, counsel for the Defendant acknowledges that he has discussed the appeal waiver with the Defendant and that Defense Counsel, along with the prosecutor, will request that the district court enter a specific finding regarding the Defendant's knowing and voluntary waiver of his right to appeal the sentence imposed, as set forth in this agreement

36   The parties understand that if the Defendant fulfills his obligations under the Justice and Peace Act and is sentenced pursuant to the Justice and Peace Act, per Article 30 of the Justice and Peace Act, "the sentence can be served in a country other than Colombia "  If the Defendant and the Colombian government agree that the Defendant can serve his sentence imposed under the Justice and Peace Act in the United States, the

18

government will not object to the Defendant serving his Colombian
sentence concurrent to the sentenced imposed in this case
Nothing in this provision allows the Defendant to serve any part
of a Colombian sentence that would result in his imprisonment in
the United States beyond the completion date of his United States
sentence

37   This Plea Agreement represents the entirety of the terms and
conditions of the agreement between Defendant and the United
States   No agreements, understandings, promises, representations
or conditions exist other than those contained in this Plea
Agreement   No other agreements, understandings, promises,
representations or conditions or changes to this Plea Agreement
may be made or entered into unless in writing and signed by the
parties

38   This Plea Agreement supersedes all prior
understandings, promises, agreements or conditions, if any,
between the NDDS of the Criminal Division of the United States
Department of Justice and the Defendant

39   The Defendant and the United States agree to request
that the Court place this Plea Agreement and relevant Court
proceedings in this case under seal

Wayne Raabe
Acting Chief
Narcotics and Dangerous Drug Section
Criminal Division
United States Department of Justice


By:  _____           10/14/08
     Robert A. Spelke                     _____
     Trial Attorney                       Date
     Narcotics and Dangerous Drug Section
     U.S. Department of Justice


    I have consulted with my counsel and fully understand my
rights with respect to the indictment pending against me and the
Sentencing Guideline provisions which apply in my case.  I have
read this Plea Agreement and carefully reviewed every part of it
with my attorney.  I fully understand this Plea Agreement and I
voluntarily agree to it without reservation.  No threats have
been made to me nor am I under the influence of anything that
could impede my ability to understand this agreement fully.  I am
pleading guilty because I am in fact guilty of the offense
identified in paragraph one.

    I reaffirm that absolutely no promises, agreements,
understandings, or conditions have been made or entered into in
connection with my decision to plead guilty except those set
forth in this plea agreement.  I am satisfied with the legal
services provided by my attorney in connection with this plea
agreement and all matters related to it.


_____                 10/14/08
Salvatore Mancuso-Gomez                   _____
Defendant                                 Date


20

I am the Defendant's attorney.  I have fully explained to
the Defendant the Defendant's rights with respect to the pending
indictment and the applicable provisions of the Sentencing
Guidelines.  I have carefully reviewed every part of this Plea
Agreement with the Defendant.  The Defendant is entering into
this Plea Agreement voluntarily, intelligently and with full
knowledge of all consequences of Defendant's plea of guilty.

I represent to the Government and the Court that I have no
conflict of interest that would impede my legal judgement in this
matter.  I specifically declare that I do not represent any co-
defendants in this case nor any witnesses against my client that
would be adverse and/or in conflict with my representation in
this matter.

_____                    _____
Joaquin Perez, Esquire                                    10/14/08
Attorney for Defendant                                    Date

21