UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 02-388-02 (ESH) |
| | : | |
| SALVATORE MANCUSO-GOMEZ | : | |
| a/k/a "El Mono," | : | |
| a/k/a "Santander Lozada," | : | |
| Defendant. | : | |
| | : | |

**PROPOSED REDACTIONS TO SENTENCING MEMORANDUM
AND MEMORANDUM OF EXPLANATION**

Comes the United States, by and through Arthur Wyatt, Chief, Narcotic and Dangerous Drug Section, and submits its proposed redactions to its previously filed Memorandum in Aid of Sentencing (ECF No. 114), along with its explanation for the proposed redactions.

The government proposes that the following pages of its Memorandum in Aid of Sentencing be redacted and not included in the public filing of the document: beginning on page 8 with the header which begins with "II." and concluding on page 13 up to the header which begins "III.", including footnotes 10 through 18. These pages contain a description of the assistance rendered by the defendant in cases in the United States. The description of assistance contained on pages 8 and 9 involve a sensitive matter which is presently under investigation in the United States and abroad. The description of assistance contained on pages 10 through 13 do not involve matters which are still under investigation, but the last full paragraph beginning on page 11 and concluding on page 12 does contain a description of the defendant's assistance in a case still active in a district court in the United States.

1

The District Court enjoys considerable leeway in deciding when the right of access must be reconciled with countervailing privacy interests. *In re National Broadcasting Co.,* 653 F.2d 609, 613 (D.C.Cir. 1981). The public has a qualified right of access to court proceedings and records which is strong but not absolute. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 596-97 (1978). Sealing must be narrowly tailored to a compelling confidentiality interest. *Washington Post v. Robinson,* 935 F.2d 282, 288, 292 (D.C. Cir. 1991). Here the government is requesting that some five pages of its 27 page sentencing memorandum be redacted from any public filing. These five pages describe the defendant's assistance in United States cases, and specifically names the other defendants against whom the defendant provided incriminating information. One of the matters described in these pages involves a sensitive investigation which is still ongoing and would be jeopardized if the information therein was made public. Another case described in these pages is still pending in court in the United States. Further, release of this five pages of material would potentially endanger the defendant and his family. When the defendant is sentenced and assigned to the Bureau of Prisons, he can be separated from the specific individuals he incriminated but there is no practical way to protect him from the associates and acquaintances of those he incriminated in the United States. Lastly, the defendant has extended family living in Colombia and elsewhere who could potentially be harmed by those associated with the targets whom the defendant incriminated.

Accordingly, for the reasons stated herein, the United States moves for the requested relief.

        Respectfully submitted,

        Arthur Wyatt, Chief
        Narcotic and Dangerous Drug Section
        Criminal Division
        United States Department of Justice

        _____/s/_____
        By: Paul W. Laymon, Trial Attorney
        Narcotic and Dangerous Drug Section
        Criminal Division
        U.S. Department of Justice
        paul.laymon@usdoj.gov
        202-330-1400

## **CERTIFICATE OF SERVICE**

A copy of this motion was mailed, via electronic mail, to counsel for defendant, Joaquin Perez, 6780 Coral Way, Miami, Florida, on June 19, 2015.   .

        _____/s/_____
        Paul W. Laymon