**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

**v.**

**SALVATORE MANCUSO GOMEZ**

**Criminal Case No.: 02-cr-388 (2) (ESH)**

**SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING CONTAINING STATEMENTS BY COLOMBIAN JUSTICE & PEACE JUDGE AND PROSECUTOR**

COMES NOW DEFENDANT, Salvatore Mancuso Gomez ("hereinafter referred to as "Mr. Mancuso"), by and through the undersigned attorney, and respectfully submits this *Supplemental Memorandum in Aid of Sentencing* rebutting specific government sentencing arguments.

**CONCISE ARGUMENT**

The Government's sentencing memorandum sets forth a number of arguments in support of a sentence at the high end of the advisory guideline. First, Mancuso is portrayed as the overall commander of the AUC, responsible for all drug trafficking and paramilitary activities in Colombia. The government therefore suggests the existence of a hierarchal structure composed by 36 different block with Mancuso as the overall commander. Along the same lines, the suggestion is made that Mr. Mancuso exercised dominion and control over all the AUC commanders. Because of his position, the government argues that his role and sentencing cannot be compared with that of any other AUC commander or drug trafficker.

While aggrandizing Mr. Mancuso's role, the government completely glosses over his contribution toward facilitating the peace process in Colombia which included the demobilization of over 30,000 armed AUC soldiers. More importantly, Mr. Mancuso set an example for others by surrendering to the Colombian authorities at the height of his power. Thereafter, he complied with his obligations under Justice & Peace, abstaining from criminal activity, giving a truthful account of prior misconduct and providing compensation for the war victims.

## QUESTIONS PRESENTED

Mr. Mancuso exercised his right to petition the Judge and prosecutor assigned to his Justice and Peace process to provide answers to questions relevant to sentencing issues.

The Colombian judge is the Honorable Léster M. González Romero, Magistrate, Justice & Peace. Magistrate González Romero is currently handling Mr. Mancuso's Justice & Peace case. The Colombian prosecutor that was petitioned is Giovanni Alvarez Santoyo, Fiscal #46. Fiscal Alvarez Santoyo is currently responsible for the prosecution of Mr. Mancuso's Justice & Peace case. These two legal professionals, standing as judge and prosecutor, possess the most knowledge about Mr. Mancuso's Justice & Peace process; whether it be a success, a failure, or a combination thereof.

The sections below are divided into those answers provided by Magistrate Judge González Romero and those provided by Fiscal Alvarez Santoyo. The answers are identified by the topics addressed in each response. Accompanying this pleading, are exhibits, one is the petition by Mr. Mancuso and the other is a translation of the questions and answers provided by Judge Gonzalez and fiscal Santiago.

**Léster M. González Romero, Magistrate, Justice & Peace:**

- ID Ex-Paramilitary Commanders – The list shows that Mr. Mancuso stands on an equal footing with 11 other ex-commanders – not above or below, in the eyes of the Magistrate). [Response, Introductory Section, p.1.]
- Remorse – Mr. Mancuso has asked forgiveness from the victims, expressed remorse for crimes committed, promoted public acts of remorse, forgiveness and reconciliation with those affected. [Question 1, p.3]
- AUC Demobilization Aiding Reconciliation & National Peace – The AUC demobilization was an important part of reconciliation and national peace. [Question 2, p.3] Mr. Mancuso's demobilization on December 10, 2004 was an important gesture for the Reconciliation & National Peace. [Question 2, p.3]
- Substantial Assistance – Mr. Mancuso's assistance was deemed substantial. As a result multiple investigations were ordered by the "Fiscal General of the Nation." [Question 3, p.4]
- No New Crimes Since Demobilization – While used as a basis to support his extradition, the Fiscal confirms that Mr. Mancuso was wrongfully accused of engaging in criminal conduct since his demobilization and therefore being subject to extradition. In a simple paragraph, the fiscal contradicts then-President Uribe by stating that Mr. Mancuso did not commit crimes since his demobilization. Without such a conclusion Mr. Mancuso would not be eligible for continued participation in Justice & Peace, and not eligible for the 8-year prison sentence already imposed. [Question 5, p.5]
- Mr. Mancuso has complied with its obligations and commitment to justice and peace (Question 6, p.5)
- Confirm Command of "Bloques Catatumbo & Córdoba" – This question confirms the limited "bloques" that were under Mr. Mancuso's command. [Question 7, p.6]
- Regional and Independent Command of Each Bloque – The confederation of each bloque allowed for command of each by a

commander and regional commanders; each with regional autonomy and freedom of decision making. [Question 8, p.6]

- Did Mr. Mancuso have command over other AUC commanders? – Mr. Mancuso had no command over the following AUC commanders: Diego Fernando Murillo alias "Don Berna", Carlos Mario Jiménez alias "Macaco", Freddy Rendón Herrera alias "El Alemán", Ramiro "Cuco" Vanoy, Miguel Ángel Mejía Munera alias "El Mello", Ramón Isaza Arango alias "El Viejo," and Ever Veloza García alias HH. [Question 9, p.6]
- Command of drug trafficking? – According to fiscalia records there is no evidence that the AUC commanders referenced in Question 9, received any direction or command about drug trafficking from Mr. Mancuso. [Question 10, p.6-7]
- Confirm AUC Leadership by Castaño brothers. [Question 11 & 12, p.7]
- Mr. Mancuso's role as peace negotiator did not mean he was commander over other AUC commanders. [Questions 13 & 14, p.7]
- Mr. Mancuso led the demobilization of the AUC with an aim towards ending the group's involvement in the war. [Question 15, p.8]
- Drug trafficking was a major method of financing AUC activity, it was a means to finance de AUC, in this regard it should be regarded as related offense with the war, therefore any sentence should take this into consideration. [Question 16, p.8]
- The time that Mr. Mancuso has been detained in the United States has not been recognized as part of the alternative penalty that has been assessed of eight years, nor has such recognition been awarded to any other condemned postulated. The U.S. prison sentence has never been referred to, or taken into consideration, as a concurrent sentence. There is no guarantee that a U.S. sentence would be taken into consideration, recognized, or incorporated into any Colombian sentence. [Question 17,18 & 19, p.9] The AUC demobilization has strengthen democracy and provided peace. Moreover, Mancuso's truthful testimony in Justice & Peace has helped implement changes that would guarantee that such events would never happen again. [Question 20, p.9]

**Giovanni Alvarez Santoyo, Fiscal 46, Justice & Peace:**

- Fiscal Giovanni Alvarez Santoyo, Fiscal #46, further confirms Mr. Mancuso's acceptance of responsibility and his extraordinary cooperation, an effort to seek peace, and to bring other AUC commanders to the peace table and demobilize the AUC. 18 U.S.C. § 3553 (a) (1).
- Complied with Justice & Peace – Mr. Mancuso has treated the victims respectfully, shown remorse for his actions, asked forgiveness from the victims and supported acts of reconciliation. [Question 1, p.1]
- Impact of Extradition – Mr. Mancuso has remained active in the Justice & Peace process and complied with the same. [Question 2, p.1]
- Mr. Mancuso's Impact on Peace & Reconciliation – Mr. Mancuso was very active in the peace process and its execution. [Question 3, p.2]
- Bloques Commanded – Mr. Mancuso, in his time in the AUC, only commanded Bloques Córdoba, Montes de María, Norte y Catatumbo. [Question 4, p.2] Bloques Córdoba and Catatumbo at the time of demobilization. [Question 5, p.2]
- Did Mr. Mancuso command other AUC commanders? – There is no information that Mr. Mancuso commanded any of the following AUC commanders: Diego Fernando Murillo alias "Don Berna", Carlos Mario Jiménez alias "Macaco", Freddy Rendón Herrera alias "El Alemán", Ramiro "Cuco" Vanoy, Miguel Ángel Mejía Munera alias "El Mello", Ramón Isaza Arango alias "El Viejo", and Ever Veloza García alias HH. [Question 6, p.2]
- Command of AUC commanders for purposes of drug trafficking? – Similarly to Question 6, there is no evidence that Mr. Mancuso exerted any command of the referenced AUC commanders for the purposes of drug trafficking. [Question 7, p.2-3]
- Revealing the truth and corruption? – It is true that Mr. Mancuso has contributed to revealing the truth, the links between politicians, businesspersons, armed forces, and how the AUC was able to penetrate these persons and entities. [Question 10, p.3]

- Abstain from Further Criminal Conduct – Mr. Mancuso has abstained from further criminal conduct. [Question 11, p.3]
- Does Justice & Peace sentence take into consideration drug trafficking? – Yes, for considering that in this case it was a means to finance de AUC. [Question 12, p.4]
- Impact of U.S. time detained on Justice & Peace. – No mention of whether or not Mr. Mancuso's time in the U.S. will, or will not be, recognized by Colombia. [Question 13, p.5]
- False demobilizations? – There is no evidence that Mr. Mancuso participated any false demobilization. [Question 14, p.5]
- No crimes since demobilization. – "What is certain is that it has not been demonstrated that the *postulado* Salvatore Mancuso has committed any crime after his demobilization." [Question 15, p.5]

## CONCLUSION

As submitted in previous sentence memoranda, Mr. Mancuso respectfully requests that the Court vary downward in light of his acceptance of responsibility and his extraordinary cooperation. 18 U.S.C. § 3553 (a) (1). Mr. Mancuso's efforts to demobilize the AUC revealed character beyond personal influence and control; rather, it displayed, as Justice & Peace Magistrate González Romero responded, an effort to seek peace, and to bring other AUC commanders to the peace table.

Although today, government prosecutors question his motivation for participating in the Justice & Peace process,[1] it is clear that Magistrate González Romero's words offer

[1] The government submits that "[i]t is unclear what Mancuso's motivations were for participating in the Justice and Peace process. It could be that he was motivated, in part by a desire to bring about some reconciliation and unity after the surrender and partial demobilization of the AUC [fn 24]. However, it could be equally true that he was motivated by a desire to limit his extensive sentencing exposure for the hundreds of violent crimes with which he was charged in Colombia." Government's Memorandum in Aid of Sentencing and Motion Pursuant to U.S.S.G. §5K1.1.

a more significant perspective, that of the Colombian government, specifically the judiciary.

Respectfully submitted,

_/s/ Joaquin Perez

JOAQUIN PEREZ
DC Bar 989889
6780 Coral Way
Miami, Florida 33155
Telephone: (305) 261-4000
Facsimile: (305) 662-8715

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this 19th day of June, 2015 and an electronic copy was sent to AUSA Paul Laymon, US Department of Justice.

_/s/ Joaquin Perez