UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 02-388-02 (ESH) |
| SALVATORE MANCUSO GOMEZ | |

**DEFENDANT MANCUSO'S SUPPLEMENTAL SENTENCE
MEMORANDUM ADDRESSING DATE OF CREDIT FOR TIME SERVED**

COMES NOW DEFENDANT, Salvatore Mancuso Gomez, by and through undersigned counsel and respectfully submits this

**Concise Argument**

Mr. Mancuso respectfully requests that regardless of the sentence imposed, that the Court credit time-served from the date of his voluntary surrender to authorities in Colombia on December 10, 2004. Credit for this time-span is consistent with credit given other paramilitary defendants appearing before the Honorable U.S. District Judge Reggie Walton in Case No. 04-cr-114(RBS)

**Sentence Comparisons & Avoidance of Sentence Disparities**

Pursuant to 18 U.S.C. § 3553 (a), a sentencing court must analyze other sentences and avoid disparities; specifically, § 3553 (a)(6) provides:

> (a) **Factors to be considered in imposing a sentence. –**
> The court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider --
>
> > (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct…

1

By its plain language, § 3553 (a)(6) mandates that district courts consider sentences imposed upon similarly situated defendants in order to ensure increased uniformity in sentencing and deter unwarranted disparity. At its very core, the goal of § 3553 (a)(6) is to ensure that every criminal defendant is treated fairly and justly.

The types of sentences to be considered under § 3553 (a)(6) are those imposed upon a *similarly situated* defendants; specifically, individuals (1) who were convicted of a similar crime; (2) who participated in similar, relevant conduct; and (3) who possessed a similar criminal history category. *See United States v. Colwell*, 304 Fed.Appx. 885 (D.C. Cir. 2008); *see also, United States v. Davis-Bey*, 2010 WL 1929764 (8th Cir. 2010).[1] Mr. Mancuso respectfully asks this Court to take into consideration other similarly situated defendants, namely other AUC defendants and take note of when credit for time-served was credited.

### Appropriate Date of Credit for Colombian Paramilitary Defendants

Credit must be given to a defendant from the date when a defendant is incarcerated in connection with a criminal case. 18 U.S.C. § 3585 (b)(1). In the case of AUC defendants extradited to the U.S., it is undisputed that the majority of these defendants participated in a voluntary surrender. It is also undisputed that at the time of their surrender, these defendants, including Mr. Mancuso, were aware that they faced a U.S. criminal indictment. As a result, incarceration for these defendants – as part of their U.S. case – began when they surrendered.

---

[1] As the Court of Appeals for the District of Columbia Circuit noted in the *Colwell* case, a review of the sentencing transcripts and memoranda of other criminal defendants provides a defendant with the information necessary to determine whether such other defendants are, in fact, similarly situated in order to make the appropriate arguments at sentencing. *Id.* The Supreme Court echoed the need for review of other defendants sentencing materials when it stated that in order to avoid "'unwarranted sentence disparities' within the meaning of § 3553 (a) (6), the proper solution is for district courts to take account of sentencing practices in other courts." *United States v. Kimbrough*, 552 U.S. 85, 88 (2007).

Recently, Defendants Nodier Giraldo-Giraldo, Martin Penaranda Osorio, Eduardo Enrique Vengochea-Mola and Jesus Giraldo Serna have been credited with time-served back to the date which served as the surrender date.  Therefore, rather than calculate the time from when U.S. authorities identified the presentation of the provisional arrest warrant, judges have looked to the defendant's surrender and the existence of a U.S. indictment that controlled the defendant's continued detention and exercised extradition powers over the defendant.

For Mr. Mancuso, such a date would lead to credit for time served from December 10, 2004

## VI. CONCLUSION

DOJ Attorney, Paul Laymon has confirmed that The Honorable Judge Reggie Walton gave Defendants Nodier Giraldo-Giraldo, Martin Penaranda Osorio, Eduardo Enrique Vengochea-Mola and Jesus Giraldo Serna credit for time served from the time of their voluntary surrender in Colombia,

Accordingly, Mr. Mancuso respectfully requests that the Court give credit for time-served by Mr. Mancuso to the date of December 10, 2004.

**Respectfully submitted,**

\_\_/s/ *Joaquin Perez*\_\_
Joaquin Perez, Esq.
6780 Coral Way
Miami, Florida 33155
Tel: (305) 261-4000
Fax: (305) 662-4067
DC Bar No. 989889
jplaw1@bellsouth.net

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed this 19th day of June, 2015 and an electronic copy was sent to AUSA, Paul Laymon.

/s/ Joaquin Perez